IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TAMAR DEVELL HARVEY, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:18-cv-00097 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| D. LANDAUER, *et al.*, | ) | United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Tamar Devell Harvey, a Virginia inmate proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that defendant Dr. Park denied him medical treatment.[1] Dr. Park filed a motion to dismiss, and the motion is ripe for disposition.[2] After reviewing the pleadings, the court concludes that Dr. Park's motion must be granted.[3]

I. BACKGROUND

Harvey's complaint alleges that the defendants violated his constitutional rights when they subjected him to cruel and unusual living conditions, denied him access to grievances, failed to protect him from assaults by other inmates, denied him adequate medical and dental treatment following the assaults, and conspired to cover up an assault. One of the assaults on Harvey occurred on July 21, 2017. Following the assault, Harvey was taken to the emergency room, where the doctor allegedly told him that he would need "multiple operations to fix [his] injuries."

---

[1] Other defendants filed other dispositive motions, and some defendants have yet to respond to the complaint. The court will address the other defendants separately.

[2] Harvey filed two motions which the court construes as motions to amend to add facts in support of his claim. *See* Dkt. Nos. 97 and 110. The court will grant those motions and consider those facts in adjudicating Dr. Park's motion to dismiss.

[3] Harvey also filed a motion for summary judgment as to several defendants. *See* Dkt. No. 69. Because Harvey's allegations fail to state a claim against Dr. Park, the court finds that he is not entitled to summary judgment against him. *See* Fed. R. Civ. P. 56(a) (a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.") Accordingly, the court will deny Harvey's motion for summary judgment, in part, as to Dr. Park.

On July 26, 2017, Harvey filed an informal complaint notifying the medical department of his need for the surgeries based on the emergency room doctor's statement. A nurse responded on August 3, 2017, indicating that he was scheduled to be seen by a doctor at University of Virginia (UVA), apologizing for the delay, and explaining that a process must be followed which takes time to schedule the appointment.[4] On August 14, 2017, Dr. Park, an otolaryngologist on staff at UVA Medical Center, examined Harvey and determined that his septum was deviated to the right, his nasal bones were flattened, he had nasal trauma, and he had right-sided nasal obstruction. Harvey argues that Dr. Park was "deliberately indifferent to [his] very serious medical needs by refusing medical intervention" on August 14, 2017. In an amendment to his complaint, Harvey alleges that his right nasal passage is now completely inactive and his breathing is "severely restricted."[5] Compl. Dkt. No. 1, 2, 6-11; Informal Compl., Dkt. No. 1-1, 6; Am. Compl., Dkt. No. 97, 3.

Dr. Park moved to dismiss the claims against him, arguing that Harvey has failed to allege that Dr. Park was deliberately indifferent or that Harvey suffered any resulting injury. Mot. D., Dkt. No. 60.

In response to the motion to dismiss, Harvey states that he needed and still "severely needs" further medical care to "properly medically correct the injuries he suffered from both of [the] brutal assaults" on him. Although he states that Dr. Park "outright refus[ed] to provide [Harvey] with ANY medical intervention," he also states that Dr. Park "personally" gave Harvey

---

[4] Harvey also alleges that another nurse told him that Dr. Park refused to see him for an earlier appointment, but in the grievances he attaches to his complaint, he states that UVA (not Dr. Park) refused the appointment. In addition, a response to that grievance indicates that his appointment had not been cancelled but had been delayed because ""there is a process that has to be followed and it can take time for the [prison] doctor to schedule the appointment." Reg. Grievance, Dkt. No. 1-1, 7, 9.

[5] The court notes that Harvey also alleges that his nose was broken a second time after a second assault on October 24, 2017. Reg. Grievance, Dkt. No. 1-1, 87. Harvey does not allege that he was seen or treated by Dr. Park following that incident.

2

a "full examination." Dr. Park observed that because Harvey's fractures had been sustained two and half weeks prior, the frontal and nasal bones had already set and could not be reduced without breaking them again. Dr. Park determined that any treatment he could provide to Harvey would be considered a "cosmetic procedure," for which "VDOC insurance" would not pay. Dr. Park recommended "no medical intervention or surgery at [that] time." He advised Harvey that if his right-sided nasal obstruction became more severe, he should follow-up with the prison physician and that he would see Harvey back in the clinic "as needed." Resp. Opp., Dkt. No. 89, 4-8; Med. Rec., Dkt. No. 89-1, 1-2.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Dr. Park filed a motion to dismiss. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must

be enough to raise a right to relief above the speculative level," *id*., with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc*., 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

In deciding a motion to dismiss, attachments to the complaint may be considered. *See Butters v. James Madison Univ.*, 145 F. Supp. 3d 610, 616 (W.D. Va. 2015) (citing *Sec'y of State for Defence v. Trimble Navigation, Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)); *see also* Fed. R. Civ. P. 10(c) (2018). Here, Harvey attached grievance records to his complaint and attached medical records to his opposition to Dr. Park's motion. In the event of conflict between the bare

4

allegations of the complaint and any attached exhibit, the exhibit prevails. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

**B. Deliberate Indifference to a Serious Medical Need**

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). A prison official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990). In fact, "many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). An "error of judgment" on the part of prison medical staff or "inadvertent failure to provide adequate medical care," while perhaps sufficient to support an action for malpractice, does not constitute a constitutional deprivation redressable under § 1983. *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). Mere negligence does not constitute deliberate indifference; rather, a prison official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists and must draw the inference. *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998); *see also Farmer*, 511 U.S. at 837. The prison official's conduct

must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Militier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).

A delay in medical treatment may constitute deliberate indifference. *See Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009); *Estelle*, 429 U.S. at 104 (deliberate indifference may manifest by "prison guards [] intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."). In such cases, a plaintiff must show not only that his medical need was objectively serious but also that the delay in providing medical care caused him to suffer "substantial harm." *See Webb v. Hamidullah*, 281 F. App'x 159, 166 (4th Cir. 2008). "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Shabazz v. Prison Health Servs.*, Case No. 3:10cv90, 2011 U.S. Dist. LEXIS 88124, at *19, 2011 WL 3489661, at *6 (E.D. Va. 2011); *see also Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995).

Harvey's only interaction with Dr. Park was on August 14, 2017, two and half weeks after the assault which injured Harvey's nose. Harvey demonstrates that Dr. Park examined and diagnosed Harvey, and Dr. Park ultimately concluded that there was no further medically necessary treatment that he could provide to Harvey. Although Harvey may disagree with Dr. Park's determination, a disagreement between a doctor and patient over diagnosis or course of treatment is not actionable under § 1983. Nothing in Harvey's pleadings demonstrate that Dr. Park's treatment was so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Further, Harvey has not demonstrated that Dr. Park was responsible for any delay between the time of the assault and the time that Dr. Park examined him. Accordingly, the court concludes that Harvey has not demonstrated that Dr. Park was deliberately indifferent to a serious medical need.

## III. CONCLUSION

For the reasons stated herein, the court will grant Dr. Park's motion to dismiss.

An appropriate order will be entered.

Entered: March 11, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge