IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| TAMAR DEVELL HARVEY, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 7:18-cv-00097 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| D. LANDAUER, *et al.*, | ) | United States District Judge |
| Defendants. | ) | |

**ORDER**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983, in which the *pro se* plaintiff Tamar Devell Harvey, a Virginia inmate, asserts claims against numerous defendants. At the present time, there are many motions pending in the case, including dispositive motions, discovery motions, and more mundane motions such as motions for extension of time. This order groups them by general topic area, and addresses many of them. The remaining motions are either dispositive motions (some of which are not yet ripe) or are discovery-related motions that are referred to United States Magistrate Judge Hoppe. The other motions will be addressed by separate orders.

1. *Motions for default*

In two separate motions for default (Dkt. Nos. 114, 188), Harvey seeks entry of default against three defendants: Dr. S. Herrick, Diane Helen Landauer, and E. Shipp. None of these defendants are in default.

Although summonses were issued to Dr. Herrick after Harvey was permitted to add him instead of a previously named defendant, there is nothing in the docket showing that he was ever served or that he waived service. Nor has any counsel entered an appearance on his behalf. Indeed, as recently as October 1, 2019, Harvey provided a summons to the court for Dr. Herrick,

so that he could have him "properly served." (Dkt. No. 178.) Because Dr. Herrick has not been served, he is not in default.

Similarly, defendants Landauer and Ella sent a waiver of service on February 4, 2019, making their response to the complaint due sixty days later on April 5, 2019. (Dkt. No. 135.) Before that date, on March 28, 2019, these two defendants filed a waiver of answer, which is permitted under 42 U.S.C. § 1997e(g)(1) in Section 1983 suits brought by a prisoner. That statute expressly states that "Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint." 42 U.S.C. § 1997e(g)(1). Because these defendants timely waived their answer, default judgment is not appropriate.

Both of Harvey's motions for default (Dkt. Nos. 114, 188) are therefore DENIED.

2. *Motions to Amend/Correct & Issues Concerning Service of Defendants*

Although he has previously been permitted to amend his complaint, Harvey has since filed three additional motions all seeking to amend or correct his complaint. (Dkt. Nos. 120, 142, 163.)

In the first motion to amend, Harvey seeks to add as a defendant the medical company "Mediko," who he alleges employs or employed at least some of the medical defendants. He seems to suggest that he needs Mediko as a defendant to ensure that its employees are properly served. (*See* Dkt. No. 120 at 1.) That is not an appropriate basis to add a party as a defendant. Moreover, Harvey has not alleged any basis to hold the employer, as opposed to its individual employees, liable under Section 1983. Respondeat superior liability is not available under Section 1983, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and a claim against a supervisory official will lie only if the plaintiff can establish the factors set forth in *Shaw v.*

2

*Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Harvey has alleged no facts to render Mediko liable. This motion to amend (Dkt. No. 120) is DENIED as futile.

Harvey's most recent motion to amend (Dkt. No. 163) includes an attachment that is sixteen pages of what appears to be both responding to some of defendants' summary judgment motions and raising deficiencies in defendants' discovery responses, as well as accusing defense counsel of improper tactics. But pages seventeen through twenty-six contain a proposed amended complaint, which sets forth Harvey's claims against the "corrections defendants" and defendant S. Herrick (who has not yet been served) and also seeks to add a new defendant, a John Doe. The court GRANTS this motion to amend (Dkt. No. 163). The Clerk is directed to separately redocket Harvey's verified amended complaint (Pages 17–26 of Dkt. No. 163-1) as an amended complaint as against the defendants currently represented by the Office of Attorney General (collectively "the VDOC Defendants"), John Doe, and defendant S. Herrick (who has not yet been served). As to those defendants, it will be the operative complaint in this matter. Also, with regard to the added John Doe defendant, the Office of the Attorney General is directed to file a written response with the court within ten days as to whether it can identify the "John Doe" defendant based on the description provided by Harvey.[1]

As to the other defendants who have appeared in the case (who the court loosely refers to as the "medical defendants"), the operative complaint is the Original Complaint (Dkt. No. 1), as amended by Dkt. No. 19.

Prior to filing his amended complaint, Harvey filed a motion to amend or correct the complaint (Dkt. No. 142), seeking to add an additional claim and allegations against Dr. S. Herrick. These allegations are included in his amended complaint. Thus, this motion to amend (Dkt. No. 142) is DENIED AS MOOT.

---

[1] The VDOC Defendants also will be required to respond to the amended complaint. *See infra* Section 5.

3

3.  *Dismissal of Unserved Defendants*

There are also some defendants for whom Harvey has not provided any proof that he has served them. As Harvey has repeatedly been informed, it was his obligation to effect service in this case, given that he is not proceeding *in forma pauperis*. The court had already granted him an extension of time to serve some of those defendants, and that order warned Harvey that his failure to timely serve those defendants would result in their dismissal without prejudice. (Dkt. No. 118.) That extension expired more than six months ago, and it does not appear that service has been accomplished. Accordingly, the court hereby DISMISSES WITHOUT PREJUDICE the claims against the following defendants: Michael R. Plautz, Dr. Daniel Peters, Augusta Health Center, Augusta Otolryngology Assoc., and UVA Neurosurgery.

4.  *Dr. Rylak's Motion to Dismiss*

Dr. Rylak has filed a motion to dismiss (Dkt. No. 72), arguing that he is entitled to dismissal for two reasons. First, Harvey failed to allege facts demonstrating that Dr. Rylak acted under color of state law, as required to state a claim under Section 1983. Second, Harvey failed to allege sufficient facts to demonstrate that Dr. Rylak was deliberately indifferent to his medical condition. Based on what Dr. Rylak has presented in an attached affidavit, the court thinks it is likely that he did not act under color of state law. First of all, Mr. Rylak avers that neither he nor his employer had a contract with the state to treat prisoners. (Rylak Aff. ¶ 2, Dkt. No 73-1.) Although the Fourth Circuit has held that a private physician without any contractual or employment obligation with the state acts under the color of state law by voluntarily accepting a referral to treat a prisoner, *Conner v. Connelly*, 42 F.3d 220, 225 (4th Cir. 1995), the *Conner* court specifically distinguished a case where there was emergency care provided by a private entity. *Id.* at 228. In that situation, the court agreed that "the hospital did not accept" a duty to

provide a prisoner with medical care by admitting him to its emergency room. *Id.* Thus, it was different than a situation where a physician voluntarily assumes the obligation to treat the prisoner. *Id.* Dr. Rylak states that he is an emergency room physician, obligated to accept any patient who arrives at the emergency room. Dr. Rylak's affidavit, therefore, strongly supports his argument.

The court cannot consider the affidavit, however, in ruling on a motion to dismiss. Thus, the court had intended to give notice to Harvey, pursuant to Rule 56(f), that it was going to address Dr. Rylak's motion to dismiss as a motion for summary judgment. However, prior to the court issuing that notice, Dr. Rylak filed a motion for summary judgment (Dkt. No. 192), in which he raises the same issues. Accordingly, the court will deny without prejudice the motion to dismiss (Dkt. No 72), which would have been construed as a motion for summary judgment, and will instead consider Dr. Rylak's arguments as set forth in his summary judgment motion.

5. *Remaining Motions to Dismiss and for Summary Judgment*

In light of the filing of the amended complaint against the VDOC Defendants, the two prior dispositive motions seeking dismissal or summary judgment that related in whole or part to the VDOC Defendants, which were based on the prior complaint in this matter, are DENIED WITHOUT PREJUDICE as moot. These two motions are Dkt. No. 69 (Plaintiff's motion for summary judgment) and Dkt. No. 99 (VDOC Defendants' motion for summary judgment). All VDOC Defendants who have been served shall respond to the amended complaint within thirty days, by filing at least one of the following: an answer, a waiver of answer, a motion to dismiss, or a motion for summary judgment supported by affidavits.

If any party concludes that a previously filed summary judgment motion or motion to dismiss is sufficient as to the amended complaint and does not require additions or revisions,

then that party may simply file a renewed motion incorporating by reference (and expressly including the docket numbers) of its previously filed motion, supporting memorandum, and any affidavits relied upon.

6. *Motions for Extension or other Administrative-Type Motions*

There are a number of administrative-type motions pending, none of which require detailed analysis. The court rules on them as follows:

   a. Defendant's motion to withdraw as attorney (Dkt. No. 168) is GRANTED.

   b. Plaintiff's motion to allow his additional medical record evidence to be used in further support of summary judgment (Dkt. No. 169) and his motion to submit VDOC's Policies and Procedures (Dkt. No. 130) are both DENIED WITHOUT PREJUDICE. These motions relate either to the VDOC defendants' motion for summary judgment or plaintiff's motion for summary judgment, both of which have been denied without prejudice.

   c. Plaintiff's motion for extension of time to respond to defendant Hamilton's motion (Dkt. No. 177) is GRANTED. Harvey's response (Dkt. No. 187), which was filed on August 12, 2019, is deemed timely filed.

   d. Dr. Rylak has filed a motion (Dkt. No. 162) in which he requests a correction to the docketing of his previously filed motion to dismiss. In that motion, he explains that the supporting memorandum and affidavit submitted with his motion to dismiss were intended both to support Dr. Rylak's motion to dismiss and to respond to plaintiff's motion for summary judgment (Dkt. No. 69), and he asks that the document be deemed a timely opposition to plaintiff's motion for summary judgment. Because the court has dismissed without prejudice plaintiff's motion for summary judgment, however, Dr. Rylak's motion regarding the docketing of his previously filed motion to dismiss (Dkt. No. 162) is DENIED WITHOUT PREJUDICE as moot.

## CONCLUSION

For ease of reference, the court restates all of its above rulings here. For the above reasons, it is ORDERED that:

1. Harvey's motions for default judgment (Dkt. Nos. 114, 188) are DENIED.

2. Harvey's motion to amend to add "Mediko" as a defendant (Dkt. No. 120) is DENIED.

3. Harvey's motion to amend (Dkt. No. 163) is GRANTED. The Clerk is directed to separately redocket Harvey's verified amended complaint (pages 17 through 26 of Dkt. No. 163-1), and it will be the operative complaint in this matter as to the VDOC Defendants and S. Herrick. All served VDOC Defendants (which the court defines as those represented by the Office of the Attorney General) shall file a response (answer, waiver of Answer, motion to dismiss, or summary judgment motion supported by affidavits) not later than thirty days after entry of this order.[2] The operative complaint as to the remaining defendants is the original complaint, Dkt. No. 1, as amended by Dkt. No. 19.

4. The amended complaint adds a John Doe defendant, and the Clerk shall add that defendant to the docket. Additionally, with regard to the John Doe defendant, the Office of the Attorney General is directed to file a written notice within ten days as to whether it can identify the "John Doe" defendant based on the description provided by Harvey.

5. Harvey's motion to amend (Dkt. No. 142) is DENIED as moot.

6. Because of plaintiff's failure to timely serve them, the court DISMISSES WITHOUT PREJUDICE the claims against the following defendants: Michael R. Plautz, Dr. Daniel Peters, Augusta Health Center, Augusta Otolryngology Assoc., and UVA Neurosurgery. The Clerk is directed to terminate those defendants from this case.

7. Dr. Rylak's prior motion to dismiss (Dkt. No. 72), which the court had planned to construe as a motion for summary judgment, is DENIED WITHOUT PREJUDICE in light of the filing of a second motion for summary judgment by Dr. Rylak raising the same issues (Dkt. No. 192).

8. Previously filed motions related in whole or in part to the VDOC defendants and based on the prior complaint in this matter (Dkt. Nos. 69, 99) are DENIED WITHOUT PREJUDICE as moot. If any party concludes that a previously filed summary judgment motion or motion to dismiss is sufficient as to the amended complaint and does not require additions or revisions, then that party may simply file a renewed motion incorporating by reference (and expressly including the docket numbers) of its previously filed motion. The same is true of responses to such motions.

9. Defendants' motion to withdraw as attorney (Dkt. No. 168) is GRANTED.

10. Harvey's motion to allow his additional medical record evidence to be used in further support of summary judgment (Dkt. No. 169) and his motion to include additional information in support of his own motion for summary judgment (Dkt. No 130) are DENIED WITHOUT PREJUDICE as moot.

---

[2] *See also* Item 8 below.

11. Harvey's motion for extension of time to respond to defendant Hamilton's motion for summary judgment (Dkt. No. 177) is GRANTED. His response (Dkt. No. 187) is deemed timely filed. Also, the clerk shall update the docket to reflect the correct spelling of Hamilton's name, which is currently misspelled as Hamiliton.

12. In light of the denial without prejudice as moot of plaintiff's summary judgment motion, Dr. Rylak's motion regarding the docketing of his previously filed motion to dismiss (Dkt. No. 162) is DENIED WITHOUT PREJUDICE as moot. Also, the clerk shall update the docket to reflect the correct spelling of Dr. Rylak's name.

This order leaves the following discovery-related motions pending as of this date, all of which are currently referred to Judge Hoppe, except for Dkt. No. 126, which is hereby REFERRED to him, and will be addressed by him in due course: Dkt. Nos. 82, 91, 115, 126, 127, 128, 129, 153, 165, 166, 173, 174, 175, 176.

Also remaining pending are motions for summary judgment filed by defendants Hamilton (Dkt. No. 170); Shipp (Dkt. No. 180); Landauer (Dkt. No. 182); and Dr. Rylak (Dkt. No. 192).

The Clerk is directed to send copies of this order to the parties.

Entered: September 5, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge