IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TAMAR DEVELL HARVEY, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:18-cv-00097 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| D. LANDAUER, *et al.*, | ) | United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

*Pro se* plaintiff Tamar Devell Harvey brought this civil rights action asserting claims pursuant to 42 U.S.C. § 1983 against a number of defendants. Some of those defendants and claims have been dismissed; some remain pending. Addressed in this opinion is a motion to dismiss filed by defendant Tammy Coyner (Dkt. No. 317), to which Harvey has responded (Dkt. No. 323). Harvey asserts an Eighth Amendment claim against Coyner, a dental assistant, arising from her responses to Harvey's requests for dental treatment in early August 2017 at Augusta Correctional Center ("ACC"). For the reasons set forth herein, Coyner's motion to dismiss will be granted and the claims against her dismissed.

I.  BACKGROUND

On July 21, 2017, Harvey was attacked by another offender and suffered injuries, including lacerations to his face and a broken nose. He was taken to the emergency room at a local hospital, where he received treatment for his injuries and where medical tests were performed. Later the same day, he returned to ACC, where he was then kept in ACC's medical infirmary and under observation for some period of time.

Harvey alleges that on August 7, 2017—while he was still housed in the medical unit under

observation—he filed an emergency grievance requesting that he be seen by a dentist.[1]  His emergency grievance stated:

> I'm having additional pain.  My front right tooth "top" is very painful. It is completely turned red because it is fulled with blood, because of the additional nerve damage.  Because I wasn't treated for my injuries, I'm in fear of tooth lost. [sic]

(Dkt. No. 323 at 17.)  Coyner responded to the emergency grievance less than an hour after it was received, telling Harvey that his grievance did not meet the definition of an emergency and that he should submit a request to dental and/or send an offender request to dental.  (*Id.*)  She also noted that he had been told twice previously to submit a request to dental.  (*Id.*)[2]  Harvey submitted an offender request that same day, which was received by the dental department on August 8, 2017.  Coyner also responded to that request, stating that a dental exam had been scheduled.  (*Id.* at 16.)

Also on August 8, Harvey submitted an informal complaint again referring to tooth pain and stating that Coyner "completely disregarded [his] request for prompt care with deliberate indifference and malice."  (*Id.* at 18.)  On August 17, 2018, Coyner responded to that informal complaint, stating "Seen in dental 8-10-17."  (*Id.*)  Harvey's medical notes reflect that he received dental care on August 10, 2017.  The dental notes state that Harvey reported his tooth had become discolored from the July 21, 2017 trauma and that it was giving him pain, "especially with cold," but that it "has improved since the incident occurred."  (*Id.* at 19.)  The dentist observed that Harvey's tooth was discolored "due to trauma" and that his symptoms were "slowly subsiding."

---

[1] Harvey's response states, without citing to any evidence, that the dental department is located "inside the medical department."  (Resp. 4, Dkt. No. 323.)  He appears to be suggesting that, as a result, it would have been easy for him to have been seen that day by a dentist.  (*See id.*)

[2] The medical records submitted by Harvey refer to at least two earlier complaints from him about tooth pain and indicate that he was told by different medical personnel to submit a request for dental services.  (*See, e.g.*, Dkt. No. 323 at 11, 13 (notes at August 3 at 8:00 p.m.; August 7 at 8:00 a.m.).)  Harvey claimed in his August 7 offender request to dental that he had submitted a first offender request, but it "was trashed" by an unknown person.  In any event, any delays between August 3 and August 7 are not attributable to Coyner, nor does Harvey seek to hold her responsible for those.  There is no allegation that Coyner knew of his request for dental care prior to August 7.

The dentist stated that the tooth would be "watch[ed] for now" and noted that Harvey had pain medication from the medical department.  (*Id.*)

Harvey did not include Coyner's name as a defendant in his original complaint, but he later sought and was granted leave to amend to add her as a defendant. (Dkt. No. 111.)  His original complaint is the only one that contains specific allegations against her, however.  Specifically, Harvey's complaint alleges: "Dental Assistant T. Coyner completely disregarded Harvey's Emergency Grievance in reference to his nerve damage and damages/failing front tooth.  She outright denied Harvey's request for prompt dental care with deliberate indifference and malice.  T. Coyner's responses to his grievances evinces [sic] deliberate indifference."  (Compl. ¶ 7.)  Attached to his complaint are an informal complaint and other grievance documents pertaining to this issue. (Dkt. No. 1-1, at 56–60.)

The court construes Harvey's claim as a claim that Coyner's response to his emergency grievance and the informal complaint violated his Eighth Amendment rights because they constituted deliberate indifference to a serious medical need.

## II.  DISCUSSION

At the outset, the court notes that Coyner filed her motion as a motion to dismiss and relied solely on Harvey's complaint and attachments to it.  In his response, Harvey included additional documents, including the actual emergency grievance (Dkt. No. 323 at 17) and relevant portions of his medical and dental records.  The emergency grievance is expressly referenced in Harvey's complaint and is integral to Harvey's claim against Coyner.  The other grievances were attached to Harvey's complaint as exhibits.  Thus, the court can consider all of the grievance documents in ruling on the motion to dismiss.  *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).  As to the medical and dental records, they were not attached to the complaint, nor does the court find that they are integral to plaintiff's claims.  Thus, although defendants have not objected to

3

the court considering them, if the court were to do so, the motion would be converted into a summary judgment motion. *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015). Thus, the court declines to rely on them in ruling on the motion to dismiss, although they are discussed to provide context. Even if the court considered them, however, they would not change the court's conclusion that dismissal is appropriate.

### A. Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. *Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

### B. Official Capacity Damages

Coyner moves for dismissal of any damages claim against her in her official capacity, which must be granted. Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). But "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, any claims for money damages against Coyner in her official capacity will be dismissed.

## C. Eighth Amendment Claim

"It is beyond debate that a prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). To demonstrate deliberate indifference, an inmate must show that (1) he has a medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and (2) the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Id.* at 356–57. The first component is an objective inquiry and the second is subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017). The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994). "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997).

Harvey claims that Coyner's failure to provide him with immediate dental care upon his filing of the emergency grievance violated his Eighth Amendment rights. Essentially, he is arguing that the three-day delay in between his first complaint to Coyner and his dental appointment was a constitutional violation. The court concludes, however, that his argument is incorrect as a matter of law. Instead, the court concludes that he has failed to state a claim for which relief can be granted.

The court will assume, without deciding, that the tooth pain described by Harvey constitutes a "serious medical condition" for Eighth Amendment purposes, where he endured significant pain for three days before receiving treatment. *Cf. Formica v. Aylor*, 739 F. App'x 745, 756 (4th Cir. 2018) ("[A] 'tooth cavity is a degenerative condition, and if it is left untreated indefinitely, it is likely to produce agony and to require more invasive and painful treatments, such as root canal therapy or extraction,' and 'presents a serious medical need.'") (quoting *Harrison v. Barkley*, 219

F.3d 132, 137 (2d Cir. 2000)).  Where, as here,

> a deliberate indifference claim is predicated on a delay in medical care, we have ruled that there is no Eighth Amendment violation unless "the delay *results* in some substantial harm to the patient," such as a "marked" exacerbation of the prisoner's medical condition or "frequent complaints of severe pain." *See Webb v. Hamidullah*, 281 F. App'x 159, 166–67 (4th Cir. 2008) (emphasis added); *see also Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." (internal quotation marks omitted)).

*Formica*, 739 F. App'x at 755 (citations omitted).  Here, Harvey states that he was in significant pain during those three days, and so the court again will assume, without deciding, that his allegations plausibly state the first element of his Eighth Amendment claim.[3]

Even so, the court cannot conclude that a three-day delay in care constituted deliberate indifference by Coyner.  "[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment."  *Id.* at 758 (quoting *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)).  Unlike other cases where a tooth problem was "left untreated indefinitely"—like the plaintiff's cavity was in *Formica*, 739 F. App'x at 756, where it took eight months before the defendant obtained treatment for a cavity in the plaintiff's molar—Harvey admits that he was seen by a dentist three days after his initial complaint to Coyner.  The paperwork he has provided also fairly suggests that the appointment was scheduled quickly upon Harvey submitting a proper request.  Such a minor delay does not rise to the level of deliberate indifference.

Indeed, courts faced with similar or longer delays have held that they are insufficient to state an Eighth Amendment claim.  *See, e.g.*, *Chavez v. Bailey*, No. 7:19CV00014, 2020 WL 2751899, at

---

[3] Harvey seems to suggest in his response to the motion to dismiss that he has "permanent nerve damages in" that tooth as a result of the three-day delay. (Resp. 6, Dkt. No. 323.) He has not alleged, nor presented any medical testimony, anything that could have been done in those three days to result in a different outcome for his tooth. Furthermore, even upon noting discoloration (which was apparently occurring as early as August 8, based on Harvey's self-report), the dentist merely said the tooth would be monitored.

6

*11 (W.D. Va. May 27, 2020) (dismissing claim of prisoner who was seen and treated for complaints of dental pain less than a month after his initial complaint and approximately one week after his second complaint, because he had not alleged a sufficient delay in treatment to state an Eighth Amendment claim); *Smith v. Rowe*, No. CV CCB-18-3195, 2020 WL 1332005, at *2, 5 (D. Md. Mar. 23, 2020) (finding no Eighth Amendment violation where plaintiff was erroneously denied his October 13 dental appointment for a visible cavity in a molar and the eruption of four wisdom teeth, which were causing severe pain and bleeding gums, he filed a grievance on October 15, and he was seen by the dentist on November 4 and given pain medication and consented to an extraction at that time); *Green v. Rubenstein*, 644 F. Supp. 2d 723, 732 (S.D. W. Va. 2009) (concluding there was no Eighth Amendment violation resulting from an overall 8-month delay in removing tooth fragment where dentist examined inmate one week after he filed his first grievance regarding the tooth fragment and performed the oral surgery less than a week after the examination); *Stokes v. Hurdle*, 393 F. Supp. 757, 761–62 (D. Md. 1975) (three-week delay in dental treatment which resulted in, at most, extraction of a tooth, was not a sufficiently substantial harm to support an Eighth Amendment claim). The same is true with regard to minor delays as to other conditions. *E.g.*, *Wynn v. Mundo*, 367 F. Supp. 2d 832, 838 (M.D.N.C. 2005) (holding that a 36-hour or two-day delay between report of flu-like symptoms and doctor's appointment was not a sufficiently serious delay to establish an Eighth Amendment violation).

      Here, Harvey was seen by the dentist three days after he complained to Coyner.[4] Her initial request, requiring him to submit the appropriate paperwork for his request, was not unreasonable nor did it "ignore" his requests. And indeed, after he submitted that request, he was seen in a very short period of time. That minimal delay certainly does not display the type of deliberate indifference to a toothache or tooth decay that the court held actionable in *Formica*, nor does it

---

[4] Harvey also was apparently already on pain medication at the time, according to the dentist's note.

7

plausibly allege deliberate indifference. Instead, to state a constitutional claim, a defendant's conduct must have been "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Milter v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The delay here does not satisfy that standard. Thus, Harvey's Eighth Amendment claim against Coyner must be dismissed for failure to state a claim on which relief can be granted.[5]

### III.  CONCLUSION

For the reasons stated above, defendant Coyner's motion to dismiss will be granted, and all claims against Coyner will be dismissed. An appropriate order will be entered.

Entered: December 9, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[5] Because there was no constitutional violation, Coyner also is entitled to qualified immunity, as argued in her supporting memorandum. (Mem. Supp. Mot. Dismiss 5–6, Dkt. No. 318.)